In Special Term—December 1854.

GHOLSON, J. presiding.

### NICHOLAS LENNIG & Co. *vs.* BURGOYNE & KNOWLTON.

Under section 77, clause 2nd of the Code, judgment may be taken against one of several defendants served, and the plaintiff may proceed in the same action against those defendants not served, by another summons.

But this right is subject to the control and discretion of the Court, under section 371 of the Code.

The Court will exercise this control over the plaintiff's proceedings in this mode, when it would inconvenience the administration of justice, or prejudice the other party. They will not refuse to allow him to proceed, where it will expedite and assist him in obtaining justice; save him from unnecessary costs; and in no respect infringe on the just rights of others.

This action was commenced against Burgoyne, as maker, and Knowlton, as endorser of a note. The summons was served on Burgoyne, and there was a return of "*not found,*" as to Knowlton. Judgment by default was taken against Burgoyne, for the amount of the note, at a former term of the Court. No disposition of the case was made as to Knowlton.

Afterwards, another summons was issued in the case, and returned served on Knowlton, who moved to dismiss the proceedings.

It was claimed in support of the motion, that after the judgment against Burgoyne, there could be no further proceedings in the same action against Knowlton, and that, therefore, the second summons had been irregularly issued. That the proper remedy would be the commencement of a new action on the note, against Knowlton alone.

GHOLSON, J.

It is provided in Section 77 of the Code, " Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows :

" 1. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the Court otherwise direct.

" 2. If the action be against defendants, severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

As to the first class of cases, it is provided in Section 415, " Where a judgment is recovered against one or more persons jointly indebted upon contract, those, who

Nicholas Lennig & Co. *vs.* Burgoyne & Knowlton.

were not originally summoned, may be made parties to the judgment by action."

What may be the proper construction of this last section, it is unnecessary to decide, as it only applies to the present case in this respect; that provision for another action is made in cases of a joint indebtedness upon contract, and there is no such provision as to the class of cases of which this is one.

It may be also observed, that the object of the new action is to make the person not summoned *party to the judgment;* a several judgment not being deemed proper on a joint contract. In such a case as the present, this could not be necessary.

In the second class of cases, the plaintiff may proceed against the defendant served, as if he were the only defendant—he may of course take a separate judgment against him for his demand; and this he may do, without prejudice to his rights, against those not served. But this he could not do, it seems to me, at least in some cases, without prejudice to his rights, if he were compelled to abandon his action against the defendants who had not been served. For instance, under Section 20, an attempt to commence an action, by an endeavor to procure a service, shall be equivalent to the commencement thereof, if followed by service within sixty days, so as to save the bar by limitation of time. An inability to proceed in the same action against defendants not served, might involve a loss of this privilege. In all cases, the plaintiff might be prejudiced in respect to the additional costs which the bringing a new action would involve.

It is difficult to conceive a reason for introducing the words " without prejudice to his rights against those not

served," that would not embrace a right to continue the pending action. And under the language of the Section, that right, if of any advantage to the plaintiff, must be deemed to have been saved, at least in cases where it would be proper and just, that it should be exercised.

A recent case in New York, (Robinson *vs.* Frost, 14 *Barb.* 536,) might be supposed to conflict with this view. But in fact it does not; for the important words in our statute, on which I have been commenting, are not found in the New York Code. They were added to the analogous Section of the New York Code (§ 136) by our Commissioners, and obviously authorize a different construction in reference to the present matter.

There is, moreover, another section of our Code, which has an important bearing on this question, and, indeed, it is the one, which, in my judgment, should properly control the practice on the subject. Section 371 provides, that "in an action against several defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper."

It is true, this section introduces what would be considered an anomaly in common law practice, several final judgments against different parties, at different times in the same action. But one action against the drawers and endorsers of bills of exchange, and promissory notes, was also an anomaly; and in the former statute, authorizing such an action, if I am not mistaken, the same idea of separate judgments against different defendants, will be found.

In this class of cases, it appears to me a very proper and convenient practice, to allow a judgment for, or against,

the parties severally liable, whenever the case is, as to any of them, ready for disposition. And the same rule would properly apply, where the contract, duty, or obligation, on which the action may be founded, is as respects the several defendants, separate, or distinct in its character, though the law may have authorized, from the nature of the subject matter, or otherwise, one action to be brought. At the same time, there are cases in which the Court, in the exercise of a proper discretion, might well refuse to allow a separate trial, and judgment, as to some of the defendants, leaving the action to proceed against the others, though all might be severally liable. It would be an exceedingly inconvenient practice, for instance, in actions against defendants jointly implicated, in trespasses to persons or property; and in such cases as the liability of all the defendants, would generally depend on the same questions of law and fact, it might unnecessarily and improperly prejudice those who had not been brought before the Court by a service of process. Construing the different sections of the Code together, I think the Court would have an undoubted right, in its discretion, to allow such judgments to be taken in the one class of cases, and to refuse it in the other.

There may not be an entire harmony between what appears to be a right reserved under Section 77, and a right subject to the control and discretion of the Court under Section 371; and this want of harmony might probably be traced to the origin of the two Sections; but it is not necessary, and there is no difficulty which cannot be overcome by the ordinary rules of construction applicable in such a case. The right of a plaintiff, having taken judgment against one defendant, to proceed against another

not served, in the same action, depends on the rules established in such a case. He is in no just sense prejudiced in any right by not being allowed so to proceed, when it would be inconvenient, in the proper administration of justice, or injurious to the other party. He would be prejudiced, if the Court, having a discretion to allow him to proceed, should refuse so to do, where it would expedite and assist him in obtaining justice, save him from unnecessary costs, and in no respect infringe on the just rights of others.

In conformity with these views, the motion to dismiss the proceedings will be overruled.

A. E. GWYNNE in support of motion. R. D. & J. H. HANDY contra.